**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Adelberto Romero-Roblejo,<br>　　　　　　Petitioner,<br><br>　　v.<br><br>Brian McShane, et. al.,<br>　　　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-810 |

**<u>MEMORANDUM OPINION</u>**

Pending now before the court is a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed by Adelberto Romero-Roblejo ("Romero-Roblejo"). Brian McShane, et.al. (collectively, "Respondents") filed a response in opposition (ECF No. 6). The petition is ripe for decision.

Romero-Roblejo, a citizen of Cuba, asserts that his continued detention violates due process. He asserts that he has been detained for nearly six months and his removal is not reasonably foreseeable because Cuba refused his return and Mexico declined to accept him due to his age. He also contends that his continued detention is unconstitutional due to the denial of necessary medical care (ECF No. 1 at 4). Petitioner asserts he is not a flight risk or danger to the community, has strong family ties to the United States, and is entitled to immediate release.

Romero-Roblejo did not identify the statutory authority under which he is being detained. He does, however, acknowledge that he was ordered removed from the United States on September 2, 1997 – almost 30 years ago (ECF No. 1 at 3). This case, therefore, does not implicate detention under 8 U.S.C. §§ 1225 or 1226(a), as in many recent habeas cases. Instead, the government asserts that Romero-Roblejo is detained pursuant to 8 U.S.C. § 1231(a)(6).

The government provided substantial additional information that was not readily apparent from Romero-Roblejo's petition. He committed numerous crimes while in the United States, including burglary (sentenced to 5-15 years imprisonment), conspiracy and possession of a firearm in relation to drug trafficking (sentenced to 3 years imprisonment at each count, to run concurrent) and violations of the Pennsylvania controlled substances act (sentenced to 2-10 years imprisonment). He also violated his parole. ECF No. 6-1 at 6. Romero-Roblejo was taken into custody on November 24, 2025 (ECF No. 6-3). At that time, he stated that he had some surgeries in the recent past (the report noted a surgical scar by his right eye), but the report reflected "nothing pending or requiring medical intervention at this time." ECF No. 6-1 at 5.

The government submitted a declaration dated May 8, 2026, from deportation officer Mitchel Matusko ("Matusko") (ECF No. 6-2). Matusko represented that he learned on January 6, 2026, that Romero-Roblejo was older than the age limit (60) for removal to Mexico. ¶ 15. On January 12, 2026, Matusko was informed that the government is "working on a pathway for removing petitioner to an alternate country." ¶ 17. On February 4, 2026, the search for an alternate country was still ongoing. ¶ 18. On March 19, 2026, Romero-Roblejo's detention was continued based on his criminal history and "because ICE is actively working to locate a safe third country of removal." ¶ 19; ECF No. 6-5. Matusko anticipates that petitioner's removal "is imminent once a safe third country is located." ¶ 20.

On April 24, 2026, the government responded to petitioner's request for humanitarian parole related to his medical care (ECF No. 6-4). The government stated that a thorough review of his medical care was conducted and he "is receiving the level of care commensurate with his medical needs." *Id.*

2

Discussion

Romero-Roblejo argues: (1) he is receiving inadequate medical care; and (2) his post-removal-order detention exceeds the reasonable period set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The government, in response, contends: (1) this court lacks jurisdiction to consider claims for inadequate medical care in a § 2241 habeas petition; and (2) Romero-Roblejo failed to meet his burden under *Zadvydas*.

A. Inadequate medical care

The government is correct with respect to Romero-Roblejo's claim of inadequate medical care. Challenges to the adequacy of the medical care he is receiving do not sound in habeas corpus. *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015). The proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action, after available administrative remedies have been exhausted. *Id.* In *Eiland*, the Third Circuit Court of Appeals summarily affirmed that "[t]he District Court's dismissal of Eiland's § 2241 petition without prejudice to his right to file a proper civil rights action was correct." *Id.* This court will likewise dismiss Romero-Roblejo's claim of inadequate medical care without prejudice.

B. Unreasonable detention

With respect to Romero-Roblejo's detention, the government asserts it is proper pursuant to § 1231(a)(6), which provides:

> An **alien ordered removed** who is inadmissible under section 1182 of this title, **removable under section** 1227(a)(1)(C), **1227(a)(2)**, or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, **may be detained beyond the removal period** and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphasis added).

3

Romero-Roblejo is removable under section 1227(a)(2) because at least one of his criminal convictions falls within the statutory definitions.  In relevant part, the statute provides:

> (2) Criminal offenses
>  (A) General crimes
>    (i) Crimes of moral turpitude
>
> Any alien who--
>> (I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and
>> (II) is convicted of a crime for which a sentence of one year or longer may be imposed,
>
> is deportable.
>
>    (ii) Multiple criminal convictions
>
> Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.
> . . .
>
>    (B) Controlled substances
>      (i) Conviction
>
> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

8 U.S.C. § 1227(a).[1]

As recited in ECF No. 6-1 at 6, Romero-Roblejo has been convicted of at least one controlled substances crime.  Because he is an "alien ordered removed" who is "removable under

---

[1] The government argues that Romero-Roblejo was convicted of crimes of moral turpitude.  As explained in *Mahn v. Attorney General of U.S.*, 767 F.3d 170 (3d Cir. 2014):  "While the Immigration and Nationality Act does not define the term 'moral turpitude,' the BIA and this Circuit have defined morally turpitudinous conduct as 'conduct that is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general.'"  *Id.* at 174.  Because Petitioner committed controlled substances crimes, the court does not reach this issue.

4

section . . . 1227(a)(2)," he "may be detained beyond the removal period" pursuant to § 1231(a)(6).

In *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022), the Supreme Court concluded "there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention. . . ." *Id.* at 581. The Court commented: "On its face, the statute says nothing about bond hearings before immigration judges or burdens of proof, nor does it provide any other indication that such procedures are required." *Id.*   The court concludes that petitioner is properly detained pursuant to § 1231(a)(6).

The court is not persuaded by Romero-Roblejo's argument based on *Zadvydas*.  The Supreme Court established, for the sake of uniform administration, that a 6-month period of detention was presumptively reasonable.  *Zadvydas*, 533 U.S. at 701. It is only "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

The Supreme Court further explained:

> This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

The government made a representation that it is "actively working" to locate a safe country for removal and that "there is a significant likelihood of removal in the reasonably foreseeable future." ECF No. 6-2.  On this record, the court cannot determine that the government's representation is unworthy of credence.  Romero-Roblejo cannot return to Cuba

and is too old to go to Mexico, but the government is actively working to find a safe third country for removal.

The dismissal on this ground is without prejudice in the event that Romero-Roblejo is able to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  As the detention lengthens, the "reasonably foreseeable future" time of removal shrinks.  *Davis*, 533 U.S. at 701.  As of the date of this opinion, Romero-Roblejo has been detained more than 6 months, but less than 7 months.


Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 1), will be denied in part, without prejudice to petitioner's ability to file an appropriate civil rights case with respect to the alleged inadequate medical care; and denied in part without prejudice to petitioner's ability to demonstrate that there is not a significant likelihood of removal in the reasonably foreseeable future.

An appropriate Order will be entered.

Dated:  May 29, 2026                              BY THE COURT:

                                                  /s/ Joy Flowers Conti
                                                  Joy Flowers Conti
                                                  Senior United States District Court Judge